| | |
|---|---|
| Charles S. LiMandri, SBN 110841 | Harmeet K. Dhillon (SBN: 207873) |
| Paul M. Jonna, SBN 265389 | Mark P. Meuser (SBN: 231335) |
| Jeffrey M. Trissell, SBN 292480 | Gregory R. Michael (SBN: 306814) |
| Milan L. Brandon, SBN 326953 | DHILLON LAW GROUP INC. |
| LIMANDRI & JONNA LLP | 177 Post Street, Suite 700 |
| P.O. Box 9120 | San Francisco, CA 94108 |
| Rancho Santa Fe, CA 92067 | Telephone: (415) 433-1700 |
| Telephone: (858) 759-9948 | Facsimile: (415) 520-6593 |
| Facsimile: (858) 759-9938 | harmeet@dhillonlaw.com |
| cslimandri@limandri.com | mmeuser@dhillonlaw.com |
| pjonna@limandri.com | gmichael@dhillonlaw.com |
| jtrissell@limandri.com | |

Attorneys for Plaintiffs

Thomas Brejcha, *pro hac vice*\*
Peter Breen, *pro hac vice*\*
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
tbrejcha@thomasmoresociety.org
pbreen@thomasmorsociety.org
\*Application forthcoming

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTH BAY UNITED PENTECOSTAL CHURCH, a California non-profit corporation, and BISHOP ARTHUR HODGES III, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*,<br><br>Defendants. | Case No.: :20-cv-865-BAS<br><br>**Plaintiffs' *Ex Parte* Application for an Order Granting Injunction Pending Appeal**<br><br>Judge: Cynthia Bashant<br>Courtroom: 4B |

**TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs South Bay United Pentecostal Church and Bishop Arthur Hodges III, by and through counsel, will and hereby do apply to this Court, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C), for an injunction pending appeal of this Court's May 15, 2020 Order (Dkt. 43), which is the subject of Plaintiffs' Notice of Appeal to the Ninth Circuit (Dkt. 35), enjoining Defendants as follows:

- o Defendants, their agents, employees, and successors in office, are restrained and enjoined from enforcing, trying to enforce, threatening to enforce, or otherwise requiring compliance with any prohibition on Plaintiffs' engagement in religious services, practices, or activities at which the County of San Diego's Social Distancing and Sanitation Protocol and Safe Reopening Plan is being followed until Plaintiffs' appeal to the Ninth Circuit is finally adjudicated.

This Application is made on the grounds that Plaintiffs are likely to succeed on the merits of this case, they will suffer irreparable harm without injunctive relief, the balance of equities tips sharply in their favor, and the relief sought is in the public interest. This Application is supported by the accompanying Memorandum of Points and Authorities, by the declaration of Jeffrey M. Trissell, Esq., and all exhibits attached thereto, and by such further argument and evidence that may be adduced at any hearing on this matter. All papers relating to this Application will be delivered by email to the Defendants' counsel immediately after they are filed.

LiMANDRI & JONNA LLP

Dated: May 15, 2020          By: _____
                              Charles S. LiMandri
                              Paul M. Jonna
                              Jeffrey M. Trissell
                              Attorneys for Plaintiffs

1

PLAINTIFFS' *EX PARTE* APP. FOR A INJ. PENDING APPEAL

# ARGUMENT

Plaintiffs have appealed to the Ninth Circuit from this Court's May 15, 2020 Order, Dkt. 32, denying Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order and OSC re: Preliminary Injunction. Dkt. 12.

Although the Order denied Plaintiffs' motion as to the requested temporary restraining order, and such denials are generally not appealable, the Court also denied Plaintiffs' request for an order to show cause re: preliminary injunction following full briefing on the request, Dkt. 32, making the order appealable. *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). Further, at the hearing, the Court acknowledged that Plaintiffs were suffering irreparable harm. *FCA US LLC v. Bullock*, 737 Fed. App'x 725, 727 (6th Cir. 2018) ("[W]e have jurisdiction when the grant or denial of a TRO 'threaten[s] to inflict irretrievable harms.'").

Furthermore, although determining whether to grant a motion for injunction pending appeal requires the same analysis as a motion for a temporary restraining order or preliminary injunction, *see E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 769 (9th Cir. 2018), and this Court has already denied Plaintiffs' motion for the same, Plaintiffs are nonetheless required by Fed. R. App. P. 8(a)(1)(C) to first seek an IPA in this Court before seeking it from the Ninth Circuit. Accordingly, Plaintiffs incorporate herein their reasons and legal argument in Plaintiffs' Motion for a Temporary Restraining Order and OSC re: Preliminary Injunction in support of the present motion.

In addition, however, Plaintiffs wish to note misleading statements in the State's opposition brief which led to factual misstatements in the Court's order. The State represented that its Reopening Plan was "based on the relative risks of resuming various activities, Dkt. 23, at 6:3, and that "Stage 3 of the Resilience Roadmap provides for the reopening of operations and entities that by their nature involve people gathering in close proximity with one other for extended periods." Dkt. 23, at 7:17–20.

The second statement is not the complete truth, as it omits that Stage 2 (as of Friday May 8) permits the reopening of some operations "that by their nature involve people gathering in close proximity with one other for extended periods," namely *all* manufacturing and logistics (warehousing). *See* Dkt. 11 at 71. The State published social distancing and sanitation guidelines with which factories and warehouses must comply. *See* Dkt. 11 at 81–88 (manufacturing); Dkt. 11 at 89–95 (warehousing).

The first statement is factually inaccurate—and is evidentially supported only by headings in a slideshow presentation—as Governor Newsom explicitly stated that the Reopening Plan was based on a balancing of Risk v. Reward.[1] This led to the factually incorrect conclusion in the Court's oral ruling that Stage 3 is for "entities that by their nature involve people gathering in close proximity with one other for extended periods." *See* Dkt. 23, at 7:17–20.

Below are images from the internet showing a cosmetics factory and a garment factory in the Los Angeles metropolitan area. As these photos indicate, "entities that by their nature involve people gathering in close proximity with one other for extended periods" are already opening, if they modify their practices to engage in social distancing, and provide—in the State's view—a favorable Risk to Reward ratio.

 

[2]

---

[1] https://www.facebook.com/CAgovernor/videos/260976601615609/, at 50:36.
[2] https://www.thethings.com/14-things-kylie-jenners-employees-have-said-about-working-for-her/

[photograph of garment factory workers] [3]

## CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court enter an injunction pending appeal, enjoining Defendants as follows: "Defendants, their agents, employees, and successors in office, are restrained and enjoined from enforcing, trying to enforce, threatening to enforce, or otherwise requiring compliance with any prohibition on Plaintiffs' engagement in religious services, practices, or activities at which the County of San Diego's Social Distancing and Sanitation Protocol and Safe Reopening Plan is being followed."

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: May 15, 2020         By: /s/ Charles S. LiMandri
Charles S. LiMandri
Paul M. Jonna
Jeffrey M. Trissell
Milan L. Brandon
Attorneys for Plaintiffs

---

[3] https://ktla.com/news/local-news/ca-lost-more-manufacturing-jobs-to-china-than-any-other-state-l-a-and-bay-area-hit-hard-report/